## Lenahan, Appellant, *v.* Pittston Coal Mining Company.

*Negligence—Employment of infants—Age limit—Master and servant—Contributory negligence—Mines and mining—Act of June 2, 1891, P. L. 176.*

The legislature, under its police power, may fix an age limit below which boys shall not be employed, and when that age limit is so fixed an employer who violates the act by engaging a boy under the statutory age, does so at his own risk, and if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained.

Where a boy between fourteen and fifteen years of age is employed in a coal mine to oil machinery in violation of the Act of June 2, 1891, P. L. 176, which provides that, "no person under fifteen years of age shall be appointed to oil machinery and no person shall oil dangerous parts of such machinery while it is in motion," and the boy is injured while oiling the machinery in motion, the employer cannot set up as a defense the contributory negligence of the boy.

Argued April 16, 1907. Appeal, No. 96, Jan. T., 1907, by plaintiff, from order of C. P. Luzerne Co., Oct. T., 1904, No. 774, refusing to take off nonsuit in case of Margaret Lenahan v. The Pittston Coal Mining Company. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for death of plaintiff's son. Before HALSEY, J.

The opinion of the Supreme Court states the case.

*Error assigned* was refusal to take off nonsuit.

*Thomas F. Farrell,* with him *Edward A. Lynch,* for appellant.—An employee, aged fourteen, is not guilty of contributory negligence, as a matter of law, in using his employer's premises in a manner not in accordance with instructions, but permitted by the employer without objection: Penna. Coal Company v. Nee, 13 Atl. Repr. 841; Rummell v. Dilworth, 111 Pa. 343; Dowling v. Allen, 74 Mo. 13.

We cannot find that this section has ever before been construed in any case in this state, but almost identical provisions

have been before the courts of other states, and the courts have uniformly held that under them employees under the ages prescribed by the. statute, cannot be charged with contributory negligence, as a matter of law : Marino v. Lehmaier, 173 N. Y. 530 (66 N. E. Repr. 572); Dragotto v. Plunkett, 99 N. Y. Supplement, 361 ; Sterling v. Union Carbide Co., 142 Mich. 284 (105 N. W. Repr. 755); Hall v. West & Slade Mill Co., 39 Wash. 447 (81 Pac. Repr. 915); American Car & Foundry Co. v. Armentraut, 214 Ill. 509 (73 N. E. Repr. 766).

*Benjamin R. Jones,* with him *Lawrence B. Jones* and *Henry A. Fuller,* for appellee.—Munley having been guilty of negligence that contributed to his death, plaintiff cannot recover, even though it were shown that the defendant failed to comply with the mine law in the matters alleged : Schlemmer v. Railway Co., 207 Pa. 198; Christner v. Coal Co., 146 Pa. 67; Belles v. Jackson, 4 Pa. Dist. Rep. 194.

The doctrine established by the great weight of authority is that a servant, who is seeking indemnity for injuries alleged to have resulted from a breach of a statutory duty, cannot recover, if the evidence shows that he was himself wanting in ordinary care, and that he contributed by the carelessness to the injuries complained of : Labatt on Master & Servant, sec. 651; 4 Thompson on Negligence, sec. 4,622; McDonald v. Rockhill Iron & Coal Co., 135 Pa. 1; Cleveland, etc., Ry. Co. v. Baker, 91 Fed. Repr. 224.

It is a rule of law that the "common law is not to be repealed by anything less than express enactment or unavoidable implication : " Foster v. Com., 8 W. & S. 77 ; Borland v. Nichols, 12 Pa. 38 ; Smith v. Railroad Co., 182 Pa. 139 ; Pettit v. Fretz, 33 Pa. 118; Endlich, Int. of Statutes, sec. 127; Hickory Tree Road Case, 43 Pa. 139 ; Schott v. Harvey, 105 Pa. 222.

Opinion by Mr. Justice Elkin, May 20, 1907 :

When this case again comes up for trial in the court below much will depend upon the exact duties which the boy, Munley, was required to perform by the appellee company. If it was a part of his duties to oil the " scraper line," as is the contention of appellant, the negligence of the appellee would be established ; if, on the other hand, as is asserted by appellee, it

was no part of his duty to oil the " scraper line," the rule relied on by the court below would control the case.

The Act of June 2, 1891, P. L. 176, which, as its title declares, was intended to protect the health and safety of persons employed in and about the anthracite coal mines of Pennsylvania and to preserve the property connected therewith, provides, section eight, that " no person under fifteen years of age shall be appointed to oil the machinery and no person shall oil dangerous parts of such machinery while it is in motion." The boy, Munley, was fourteen years, four months and three days old at the time the accident occurred. At the trial the learned court below directed a compulsory nonsuit to be entered, which, on motion made, he refused to take off on the ground that the boy was guilty of contributory negligence in attempting to oil dangerous parts of the machinery while in motion, which was in violation of the statute, and therefore negligent. This would be the correct rule if the injured boy had the right under the law to engage in the employment which occasioned the injury. The learned trial judge took the view that the boy being over fourteen years of age was presumed under the common-law rule to have sufficient capacity to be sensible of danger and to have the power to avoid it, and that such presumption had not been overcome by the evidence produced at the trial. The exact question raised by this appeal is whether this common-law rule was modified or changed by the statutory regulation. The injured boy was under fifteen years of age, and if the appellee company employed him for the purpose of oiling machinery it did so in violation of the statute. Is it, therefore, in position to set up in this case the rule which presumes a boy over fourteen to be capable of appreciating danger so as to apply the rule of contributory negligence to his acts, when the legislature in express terms provided that an employer shall not engage a person under the age of fifteen years to perform this dangerous work? After full consideration we are unanimously of the opinion that the legislature, under its police power, could fix an age limit below which boys should not be employed, and when the age limit was so fixed, an employer who violates the act by engaging a boy under the statutory age does so at his own risk, and if the boy is injured while engaged in the performance of the prohibited duties for which

he was employed, his employer will be liable in damages for injuries thus sustained. This rule is founded on the principle that when the legislature definitely established an age limit under which children should not be employed, as it had the power to do, the intention was to declare that a child so employed, did not have the mature judgment, experience and discretion necessary to engage in that dangerous kind of work. A boy employed in violation of the statute is not chargeable with contributory negligence or with having assumed the risks of employment in such occupation. There can be no question that this statute was intended as a protection to the employees, and its object was to prevent children under the age of fifteen years from being employed in and around the anthracite coal mines in the dangerous kind of work designated in the act, and it should be given a construction to best effectuate the purpose of its enactment. This exact question has not been before our courts, but it has been passed upon by the courts of many other jurisdictions, and so far as we are informed the rule hereinbefore stated has been uniformly followed.

Judgment reversed and a venire facias de novo awarded.