# Hrabchak v. Delaware & Hudson Company, Appellant.

*Negligence—Mines and mining—Master and servant—Employment of infant—Oiling machinery—Age—Certificate—Act of June 2, 1891, § 8, art. 5, P. L. 176.*

1. Under § 5, art. 8, of the Act of June 2, 1891, P. L. 176, which provides that "no person under fifteen years of age shall be appointed to oil the machinery, and no person shall oil dangerous parts of such machinery while it is in motion," a boy under the age of fifteen cannot be employed to oil machinery, whether the machinery is in motion or not.

2. Where a boy presents to a mining company a certificate misstating his age, and it appears that although the certificate purported to be signed by the boy's father, the latter did not in fact sign it, had refused to sign it, knew nothing of its presentation to the company, and had no knowledge of the boy having been appointed to oil machinery, such certificate will not estop the father from recovering damages for injuries sustained by the boy while oiling the machinery; nor will it estop the boy himself from showing his true age, and recovering damages for the injuries which he has sustained.

Argued March 5, 1913. Appeal, No. 23, March T., 1913, by defendant, from judgment of C. P. Lackawanna Co., May T., 1911, No. 528, on verdict for plaintiff in case of Ilko Hrabchak by his father and next friend, Mikita Hrabchak, and Mikita Hrabchak v. Delaware & Hudson Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries to a boy under fifteen years of age. Before O'NEILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Ilko Hrabchak for $286.12 and for Mikita Hrabchak for $500. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*W. J. Torrey,* of *Welles & Torrey,* for appellant.—
The boy having presented a certificate to the foreman
purporting to have been signed by his father, is to be
considered in law as of the age which his certificate says
he is and the common-law rule of negligence would prevail:
Brennan v. Kingston Coal Co., 237 Pa. 29; Long v. Fol-
well Bros., 228 Pa. 314; Norman v. Virginia-Pocohontas
Coal Co., 69 S. E. Repr. 857.

The boy having been guilty of contributory negligence
neither he nor his parents can recover: Chicago & Great
Eastern R. R. Co. v. Harney, 28 Indiana, 28; Senior
v. Ward, 1 El. & El. 385.

The relations of master and servant having been
induced by the fraudulent act of the boy in offering
a false certificate, advantage cannot be taken of that
act as a basis of recovery: Fitzmaurice v. Ry. Co.,
6 L. R. A. (N. S.) 1146; Norfolk & Western R. R. Co.
v. Bondurant, 15 L. R. A. (N. S.) 443; Grayton v.
Munger, 9 Tex. 285; Kilgore v. Jonlan, 17 Tex. 341;
Carpenter v. Carpenter, 45 Ind. 142.

Even though this court should hold that the certificate
was not conclusive evidence and the defendant should
have further satisfied himself of the proper age of the
boy or the fact that the father actually signed the cer-
tificate, still we hold that the boy was not employed at
an occupation prohibited by statute for the reason that
the statute means a youth under fifteen years of age shall
not be appointed to oil the machinery while in motion.

*John R. Edwards,* for appellee.—A case directly in
point, sustaining our contention, in reference to the
illegal employment of children, is that of Inland Steel
Company v. Yedinak, 172 Ind. 423 (87 N. E. Repr.
229). See also American Car & Foundry Co. v. Arman-
trout, 214 Ill. 509 (73 N. E. Repr. 766); Braasch v. Michi-
gan State Co., 153 Mich. 652 (118 N. W. Repr. 366);
Koester v. Rochester Candy Works, 194 N. Y. 92 (87
N. E. Repr. 77).

OPINION BY RICE, P. J., October 13, 1913:

Shortly after May 9, 1907, the plaintiff Ilko Hrabchak applied for employment to the defendant's outside foreman, and presented a certificate in the following form:

"MAYFIELD, PA., May 9, 1907.

"Personally appeared before me the subscriber Mike Rapcak and while under oath declares and swears that his son Alek Rapcak is 14 yrs. old.

his<br>Mike x Rapcak.<br>mark

Sworn and subscribed before me
   (SEAL)  SAMUEL MENDLESON, J. P.
   Justice of the Peace,
Commission expires first
   Monday, May, 1910."

The foreman put the boy at work picking slate, but about fifteen months later, without further inquiry or proof as to his age, took him from the slate picking part of the breaker and, to quote the boy's testimony, "He told me I should go to run the slush engine and oil it and clean it, and he would give me an extra hour; he sent me up there to run the engine." About six weeks later, while with one hand oiling the engine in motion, and with the other hand cleaning it, two of his fingers were caught in the cogs and cut off. He admitted on the witness stand that he was given the extra hour to clean the engine after it had stopped for the day, and that he was told by the foreman not to oil it while it was in motion. According to the testimony adduced by the plaintiff, he was born July 26, 1894, and, therefore, he was twelve years and nine months old when he was first employed, and between fourteen and fifteen years old when he was put at work running the engine and when he was injured. It will be noticed that the affidavit stated that he was fourteen years old, that is, on May 9, 1907. But the boy's father testified that he told the

justice of the peace that he was under fourteen; also that he refused to make the affidavit, and that the paper was not delivered to him, or to his son in his presence. There was a conflict of evidence upon this point, but the evidence as to the boy's age was full and uncontradicted, except as the affidavit may be regarded as a contradiction. Without going into the evidence in greater detail, it is sufficient for present purposes to say that there was ample evidence to sustain the findings: (1) That the boy was "appointed to oil" the engine of which he was put in charge; (2) that he was injured while and by reason of his being so employed; (3) that he was under fifteen years of age at the time; (4) that his father did not make the affidavit; (5) that it was not presented to the defendant's foreman by him or with his consent or approval, but was presented by the boy himself. The question for decision is, whether, in view of the evidence tending to establish these facts, the defendant was entitled to binding direction in its favor.

Section 8, art. V, of the Act of June 2, 1891, P. L. 176, commonly known as the Anthracite Mine Law, provides as follows: "No person under fifteen years of age shall be appointed to oil the machinery, and no person shall oil dangerous parts of such machinery while it is in motion." In Lenahan v. Pittston Coal Mining Co., 218 Pa. 311, wherein this section of the act was under construction, it was held that the legislature, under its police power, may fix an age limit below which boys shall not be employed, and when that age limit is so fixed an employer who violates the act by engaging a boy under the statutory age, does so at his own risk, and if the boy is injured while engaged in the performance of the prohibited duties for which he was employed, his employer will be liable in damages for injuries thus sustained. In the later case of Stehle v. Jaeger Auto. Machine Co., 220 Pa. 617, s. c., 225 Pa. 348, wherein the Act of May 2, 1905, P. L. 352, was under construction, the same general principle was

enunciated, and it was further expressly declared that "as to the prohibited employment the master is not relieved by giving instructions." This necessarily must be so if the statutory provision as to the employment of minors is to be practically effective. But it is contended that the effect of the instructions given to the plaintiff was to restrict the scope of his employment, so far as oiling the engine was concerned, to oiling it when not in motion, and that, under a proper interpretation · of the above-quoted section, this was not a prohibited employment. In other words, the appellant's contention is, that the words, "while it is in motion," qualify the first prohibitory clause, as well as the second, and therefore the first should be read, "No person under fifteen years of age shall be appointed to oil the machinery while it is in motion." We are unable to adopt this construction. The strict rule of grammar would seem to require, as a general thing, a limiting clause or phrase, following several expressions to which it might be applicable, to be restrained to the last antecedent: Endlich on Interpretation of Statutes, sec. 414. It is true, this technical grammatical rule is liable to be displaced wherever the subject-matter requires a different construction in obedience to the principle that rules of that character are subordinate to a common sense reading of an enactment: Gyer's Est., 65 Pa. 311; Fisher v. Connard, 100 Pa. 63. But when the manifest object of the enactment in question is considered, we think it safer, in this instance, to adhere to the grammatical construction. By so doing, the provision is made effective for the protection of children under fifteen years of age from the consequences of their lack of mature judgment, experience, and discretion, which it is obvious, and was expressly declared in the Lenahan case, was the purpose the legislature had in view. Without further elaboration we conclude that the grammatical as well as the common sense construction of the section makes the employment of children under fifteen years of

age to oil the machinery in use in and about anthracite mines a prohibited act. It follows that the instruction given to the plaintiff, not to oil the engine when in motion, did not relieve the defendant.

The other ground upon which the defendant relies to defeat the action is, in effect, that it was entitled to rely on the affidavit which the boy produced when he was first employed. The statutory provision bearing upon this contention is contained in sec. 2, art. IX, of the Act of June 2, 1891, P. L. 176, and reads as follows: "When an employer is in doubt as to the age of any boy or youth applying for employment in or about a mine or colliery, he shall demand and receive proof of the said lawful employment age of such boy or youth, by certificate from the parent or guardian, before said boy or youth shall be employed." Passing the technical objection that the paper was not in form a certificate, and overlooking the fact that it was not presented at the time the plaintiff was put at the prohibited employment, the serious objection remains, that what purported to be the affidavit of the boy's father was not his affidavit, if his testimony be believed, and was not obtained from him directly or indirectly. In the face of this testimony the court would not have been justified in giving the jury binding direction that the defendant had complied with the law by demanding and receiving proof of the lawful employment age of the boy by certificate from his parent.

But it is urged that the relation of master and servant having been induced by the act of the boy in offering an affidavit purporting to have been made by his father, he must be considered in law as of the age which the affidavit stated he was, and the common-law rule of negligence applies. We find nothing in the statute to sustain this proposition. If it can be sustained at all, it must be on the ground of estoppel in pais. But we fail to see how the father, who did not make the affidavit, or certificate, who did not present it, or assent to

its presentation, to the employer, and who is not shown to have known that the boy was put at the prohibited employment, can be estopped by unauthorized acts of the justice and the boy. The more serious question is, whether, in the action brought by the boy through his next friend, the plaintiff was estopped to assert that he was not of the age stated in the affidavit? It is to be observed that the question, as presented on this appeal, is not, whether under all the circumstances of the particular case the jury could have rationally found that the defendant believed, and was justified in the belief, that the plaintiff was of the required age, but whether, irrespective of such finding by the jury, the court should have declared, as a matter of law, that the mere fact that the boy presented the affidavit estopped him to deny its genuineness or to contradict its statement as to his age. As already intimated, no hard and fast rule is deducible from sec. 2, art. IX, of the act, whereby the employer is relieved from the duty of exercising reasonable care and diligence to ascertain whether the certificate produced to him by a child is genuine and its statements true. We need not discuss or decide the question whether the employer to whom the parent falsely certifies that the boy seeking employment is of the lawful age may rely upon it as conclusive evidence of that fact regardless of other circumstances, including the appearance of the boy, which induce, or ought to induce, belief of its falsity. The question presented here is much narrower, and we cannot avoid the conclusion that to hold that the boy who misrepresents his age at the time he obtains the prohibited employment, or before, is, by such misrepresentation alone, legally concluded from proving his true age, would not be warranted. Such a rule would have a tendency to induce misrepresentation on the part of children in order to obtain employment, and to induce laxity on the part of employers in the exercise of that care and diligence which the statute devolves upon them, and thus greatly

impair the efficiency of the act in accomplishing the wise and salutary purpose the legislature had in view. "In Pennsylvania we are committed to the view that the requirements of a statute adopted in the exercise of the police powers of the state, for the protection of its citizens, cannot be impliedly waived by the parties to the contract of employment:" Valjago v. Carnegie Steel Co., 226 Pa. 514. Particularly is this true of statutory provisions intended for the protection of children. Clearly, therefore, a boy under fifteen years of age cannot waive the prohibition of the statute under consideration; and we think it equally clear that the mere fact that he misrepresents his age does not render it nugatory and of itself relieve the employer from the consequences of putting him at a prohibited employment. While the exact point seems not to have been authoritatively decided in Pennsylvania in the construction of the act of 1891 and cognate acts, we think the foregoing conclusion is fairly deducible from the general principles enunciated in the construction of those acts. Moreover, it is sustained by well-considered cases in other jurisdictions, amongst which may be mentioned Koester v. Rochester Candy Works, 194 N. Y. 92; American Car & Foundry Co. v. Armentraut, 214 Ill. 509; Syneszewski v. Schmidt, 153 Mich. 438; Braasch v. Mich. Stove Co., 153 Mich. 652; Kirkham v. Wheeler-Osgood Co., 39 Wash. 415. Some of these cases go farther than it is required to go here in order to sustain the refusal of binding direction for the defendant.

The judgment is affirmed.