(81 South. 185)

### BRILLIANT COAL CO. v. SPARKS. (6 Div. 505.)

(Court of Appeals of Alabama. Feb. 4, 1919. Rehearing Denied March 18, 1919.)

1. MASTER AND SERVANT ⬤➡95—EMPLOYMENT OF CHILD—LIABILITY FOR INJURIES—MINES.

In view of Acts 1915, p. 193, § 6, subd. 11, mine owner, who operates mine or for whom mine is operated by agents or employés, who employs, or permits to be employed, child under 16 years of age is liable for injuries to the child resulting from risk or danger incident to the work in and about the mine.

2. MASTER AND SERVANT ⬤➡95—INJURY TO CHILD EMPLOYÉ—MINES—LIABILITY OF OWNER.

Mine owner is not liable for injuries to child under 16 years of age employed in a mine, where owner had not retained supervision and control of the mine to such an extent that it could have prevented the employment of the child.

3. PLEADING ⬤➡433(6)—SUFFICIENCY OF COMPLAINT—ORDER BY VERDICT.

Where complaint is not demurred to on the ground of want of necessary allegations, the complaint will sustain a verdict if any necessary allegations can be inferred from the allegations made.

4. MASTER AND SERVANT ⬤➡258(8)—INJURIES TO CHILD EMPLOYÉ—ACTION FOR DAMAGES —SUFFICIENCY OF COMPLAINT.

In action against mine owner for injuries to child employé, the authority of the mine owner to prevent the employment of the child in violation of statute should be stated in clear and unequivocal allegations.

5. PLEADING ⬤➡433(8)—ORDER BY VERDICT— SUFFICIENCY OF COMPLAINT.

In action against mine owner for injuries to child employé, complaint held to sustain verdict for plaintiff, though there was no specific allegation that owner retained supervision and control of the mine to such an extent that it could have prevented the employment of the child, where it alleged that injuries were caused by "defendant's agents or servants who were at the time intrusted by the defendant with superintendence, and while acting within the line and scope of their authority permitted or suffered plaintiff to be employed" etc.; the authority to employ child being inferred from such allegation.

6. MASTER AND SERVANT ⬤➡204(2)—INJURIES TO CHILD EMPLOYÉ—MINES—ASSUMPTION OF RISK.

In action against mine operator for injuries to child employé under 16 years of age, the defense of assumption of risk cannot be invoked in view of Acts 1915, p. 193, § 6, subd. 11.

7. MASTER AND SERVANT ⬤➡228(2)—INJURIES TO CHILD EMPLOYÉ—MINES—CONTRIBUTORY NEGLIGENCE.

In action against mine operator for injuries to employé under 16 years of age, the defense of contributory negligence cannot be invoked, in view of Acts 1915, p. 193, § 6, subd. 11.

8. MASTER AND SERVANT ⬤➡95—EMPLOYMENT OF CHILD—DUTY OF MINE OPERATOR.

That mine foreman told employé under 16 years of age not to lie down and go to sleep for fear of car running over him does not excuse mine operator from duty of keeping such child out of mine, under Acts 1915, p. 193, § 6, subd. 11.

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**9. WITNESSES ☞392(1) — IMPEACHMENT — CONTRADICTORY WRITTEN STATEMENT.**

In action for injuries to child employé involving question of whether employé was 16 years of age, testimony as to note from employé's mother to employer, stating age, offered to impeach mother's testimony as to employé's age, was inadmissible, where the question did not fix the date of such note.

**10. WITNESSES ☞388(2) — IMPEACHMENT — PREDICATE.**

In action for injuries to child employé involving question of employé's age, evidence as to contents of note, stating age, sent employer by employé's mother, offered for purposes of impeaching mother's testimony as to age, was inadmissible without a proper predicate being laid as to the mother.

**11. WITNESSES ☞392(1) — IMPEACHMENT — SECONDARY EVIDENCE.**

Where letter is offered to impeach sender's evidence, contents of letter must be shown by the letter itself, or satisfactory proof of its loss or destruction must be offered as a predicate to the introduction of parol evidence thereof.

**12. EVIDENCE ☞67(1), 184—SECONDARY EVIDENCE—PRESUMPTION.**

Where there was evidence that letter was in defendant's possession a short time prior to the trial, secondary evidence of its contents was not admissible on behalf of defendant; it being presumed that the note continued in defendant's possession.

**13. MASTER AND SERVANT ☞291(3), 293(6)— INJURIES TO EMPLOYÉ—ACTION FOR DAMAGES—INSTRUCTION.**

In action against mine owner for injuries to employé under 16 years of age, an instruction that plaintiff was entitled to recover if he had been employed by defendant through its authorized agent, and was hurt while under 16 years of age in defendant's mine, *held* unwarranted under pleadings and the evidence.

**14. APPEAL AND ERROR ☞1066—REVIEW—HARMLESS ERROR.**

An instruction on an issue not contemplated by pleadings was not prejudicial to appellant, where the instruction required appellee to prove facts of which there was no evidence.

**15. INFANTS ☞102—INJURIES TO CHILD EMPLOYÉ — ACTION FOR DAMAGES — INSTRUCTION.**

In action for injuries to child employé, instruction, authorizing jury to consider that employé's father was interested in the result of the case, was properly refused, since recovery would not become the property of the parents.

Appeal from Circuit Court, Marion County; C. P. Almon, Judge.

Action by Julius Sparks by his next friend against the Brilliant Coal Company, for damages for injuries received in a mine. Judgment for plaintiff, and defendant appeals. Affirmed.

The pleading and objection to evidence sufficiently appear from the opinion. Assignment 4 is to exclude from the jury the following statement of the witness White:

"I was present and heard Mr. Webb Bishop tell Julius not to lie down and go to sleep; that he would get a car run over him."

The following charges were refused the defendant:

(1) General affirmative charge.

(2) Affirmative charge as to count A.

(4) If you believe from the evidence that Julius Sparks was asleep at the time of his injury, you should return a verdict for the defendant.

(6) "If you believe from the evidence that Julius Sparks was asleep at the time of his injury then he was not in the discharge of his duty under his employment, and you should find for the defendant."

(7) "If Julius Sparks was asleep at the time of his injury, and you believe this from the evidence, the plaintiff has not made out his case."

(9) "If a judgment is rendered for the plaintiff in this case, the parents of Julius Sparks will be entitled to the money on such judgment."

(10) Practically same as nine.

(14) Practically same as 6.

(15) "In weighing the testimony of Bill Sparks, you may take into consideration the fact that Bill Sparks is interested in the result of the case." (Bill Sparks is father and next friend of plaintiff.)

A. F. Fite, of Jasper, and E. B. & K. V. Fite, of Hamilton, for appellant.

Leith & Powell, of Jasper, for appellee.

SAMFORD, J. The complaint in this case is based upon subdivision 11 of section 6 of an act of the Legislature approved February 24, 1915 (Acts 1915, p. 193), which reads as follows:

"No child under the age of 16 years shall be employed, permitted or suffered to work in any capacity * * * (11) nor in, about or in connection with any mine, coal breaker, coke oven or quarry."

Section 1035 of the Code of 1907 is in all respects similar to the act referred to, except that the age of the child is fixed in the act at 16 years. This statute has been construed by the Supreme Court, so as to make an employer of a child under 16, in any of the occupations named in the acts, an absolute insurer of the child's safety, against injury, while it is in and about the forbidden place. De Soto Min. & Dev. Co. v. Hill, 179 Ala. 186, 60 South. 583; Cole v. Sloss-Sheffield S. & I. Co., 186 Ala. 192, 65 South. 177, Ann. Cas. 1916E, 99.

[1-5] That being the case, a complaint that alleges the operation of a mine by the owner, its agents or employés, or causing its

operation, under its supervision or direction, the employment of a child under 16 years of age, in and about a mine, or that the defendant permitted or suffered such child to be so employed, and an injury to such child while the child was at the forbidden place, which injury resulted from the employment and was incident to any of the risks or damage in and about the business, states a substantial cause of action. Authorities supra. It is the duty of every mine owner, who operates or retains supervision over a mine that is being operated, by agent or contractor, to see to it that no child under 16 years of age is employed in the mine. This is a duty fixed by statute, and when there is failure to perform this duty, and injury thereby occurs, the cause of action is complete. The complaint, though subject to demurrer on specific grounds, states a cause of action when the necessary allegations can be reasonably inferred from the allegations made. As illustration, the complaint in the instant case fails to specifically allege that the defendant retained supervision and control of the mine to such an extent that it could have prevented the employment of plaintiff. If this were so, the defendant could not be held liable for the injury. Good pleading would require the authority of the defendant to be stated in clear and unequivocal allegations, but no ground of demurrer takes this point, and where not taken, if a reasonable inference can be drawn from the language of the complaint that such was the case, the complaint will be held sufficient to sustain a verdict. The complaint alleges that the injuries complained of were proximately caused by defendant's agents or servants, who were at the time intrusted by the defendant with superintendence, and while acting within the line and scope of their authority permitted or suffered plaintiff to be employed, etc. From this the necessary inference will be drawn to sustain a verdict.

[6, 7] The defenses of assumption of risk and contributory negligence cannot be invoked in a case of this kind, and hence pleas 3 and 6 were properly eliminated on demurrer. De Soto Coal M. & Dev. Co. v. Hill, supra.

[8] For the same reason, assignment of error No. 4 is not well taken. The fact that some one in charge of the mine told him not to lie down and go to sleep, that a car would run over him, would not excuse the defendant from the duty to keep the child out of the mine.

The appellant contends that the trial court erred in its various rulings relative to the admissibility of testimony regarding a certain note claimed to have been written by Susie Sparks, the mother of appellee, to one Goodwyn, the superintendent of the South Brilliant Coal Company, in December, 1914, and these rulings are made the basis of assignments of error 5, 6, 7, and 8. The only reference to the note in the testimony of Susie Sparks is the narrative statement: "I did not write a note to Mr. Goodwyn in December, 1914." John Powell, a witness for the defendant, while being examined, was asked the question: "After you went to work at the office (South Brilliant Coal Company), did you not see there in the files, signed by the mother of Julius Sparks, and addressed to Mr. Goodwyn, the superintendent, a note in which it was stated, in substance, that Julius was over 14 years of age, and requesting Mr. Goodwyn to give him a job in the mines?" To this the witness answered, "Yes." The plaintiff objected to the question, and moved to exclude the answer, which objection and motion were sustained. R. H. Pollard, another witness for the defendant, when being examined, testified: "I saw the note to Mr. Goodwyn, signed by Mrs. Sparks, week before last at Brilliant Coal Company's office." Witness was then asked the question: "What was the substance of that note addressed to Mr. Goodwyn?" The court sustained plaintiff's objection to this question.

[9-11] The defendant contends that this evidence was admissible for the purpose of contradicting the statement of Susie Sparks with reference to the age of her son, the plaintiff in this case, at the time he was injured. It will be observed that in the question propounded to John Powell no date is fixed as to the note inquired about, and hence objection would have been properly sustained upon the ground that it called for immaterial testimony, the issue being whether plaintiff was 16 years of age; but, aside from that, and assuming that the question to Pollard would have called for the entire contents of the note, including the date, it is clear to the court that, the contents of the note being sought for the purpose of impeachment of Susie Sparks, the trial court was not in error in its various rulings for two reasons: First, a proper predicate had not been laid to Susie Sparks (Tittle v. State, 15 Ala. App. 306, 73 South. 142; Greenleaf, Evidence, § 463); second, the contents of the note being sought for the purpose of proving a declaration of Susie Sparks contrary to the statement she was then making requires the introduction of the letter itself, or satisfactory proof of its loss or destruction as a predicate to the introduction of its contents. 10 Rul. Cas. Law, p. 906, § 58; Greenleaf, Evidence, §§ 463–465. It has been said by a leading text-writer that—

"Oral evidence cannot be substituted for any writing the existence of which is disputed and which is material either to the issues between the parties or to *the credit of witnesses*, and is not merely the memorandum of some other fact." (Italics ours.) Jones on Evidence, § 201, and authorities supra.

[12] Nor would the rule authorizing the introduction of secondary evidence on account of the possession of the original by a third party apply in this case, as it appears from the testimony of Pollard, one of the defendant's witnesses, that this note, if it ever existed, was in the possession of the defendant a short time prior to the trial, and the presumption would be that the note continued in the possession of the defendant. The foregoing is not in conflict with the opinions in the cases of Stearnes et al. v. Edmonds, 189 Ala. 487, 66 South. 714; Mobile, J. & K. C. R. R. Co. v. Hawkins, 163 Ala. 565, 51, South. 37. These decisions were based upon the doctrine as laid down in Greenleaf on Evidence, § 563m. But it is expressly stated in that authority that the rule does not apply where a witness on cross-examination is asked about the contents of a writing of his for the purpose of discrediting him by the writing. Greenleaf on Evidence, §§ 563m, 463.

The court in its oral charge to the jury stated:

"Now under the statute and under the count of the complaint as amended, if the plaintiff was under 16 years of age and was employed by the defendant, through its authorized agent, and while in and about the business of the defendant he was hurt in the mine of defendant, and he was under 16 years of age at the time he was hurt, then plaintiff would be entitled to recover, if you are reasonably satisfied of this from the evidence in the case."

To this part of the oral charge the defendant duly and legally reserved an exception.

[13, 14] If the complaint had charged the employment of the plaintiff by the defendant or its duly authorized agent, this would have been a correct statement of the law of the case, but neither the count nor the facts justified such a statement, and therefore presented to the jury an issue which was not contemplated by the pleading or litigated by the parties. The charge of the court was therefore abstract and misleading. But, even if this is so, unless it is manifest that the jury was misled to the prejudice of appellant, the giving of the charge would not be ground for reversal. 2 Mayf. Dig. p. 564, par. 62 et seq. In this case we cannot say that the jury was misled to the prejudice of appellant, when the part of the charge excepted to required the appellee to prove facts of which there was no evidence.

[15] Charges 1, 2, 3, 4, 6, 7, and 14, as requested in writing by defendant, assert propositions in conflict with the law as hereinbefore expressed, and their refusal was not error. Charges 9 and 10 as requested by the defendant were properly refused. The recovery in this case would not become the property of the parents of plaintiff.

Charge 15, as requested by defendant, if error, was not such error as, after an examination of the entire record, it appears that the appellant was probably injuriously affected in any of its substantial rights. Sup. Ct. Rule 45 (175 Ala. xxi, 61 South. ix).

The judgment is affirmed.

Affirmed.