HEYMANN vs. CUNNINGHAM.

*March 3 — March 24, 1881.*

OFFICER OF COURT. *(1) Liability of deputy sheriff for misconduct. (2) Statutory proceeding to punish him. (3) His duty to make return of process: What court may punish his neglect.*

1. A *deputy sheriff* who receives for service a writ or process of the court, such as he is authorized to serve and make return of, and refuses or neglects to serve it, or to make due return thereof, is guilty of misconduct or neglect of duty in his office (R. S., secs. 2635, 2826), and is punishable

therefor under secs. 3477, 3480–81, 3489 and 3491, R. S.; and the proceeding is not required to be against the sheriff who appointed him.

2. Sec. 3480, R. S., authorizes the complaining party, in the first instance, to take an order upon the accused party *to show cause why he should not be punished* for his alleged misconduct; and it is not necessary first to take an order upon him to perform the duty.

3. Where the officer has actually made a service as directed by plaintiff's counsel, he is bound to make a return showing the fact; and if the cause is "triable" in the court in which the papers are entitled (R. S., sec. 3477), the proceeding against the officer will be in that court, even if the service was not such as gave the court jurisdiction of the defendant.

APPEAL from the Circuit Court for *Jefferson* County.

The case is thus stated by Mr. Justice TAYLOR:

The plaintiff commenced an action against the city of Watertown by summons and complaint, which his attorney delivered to the defendant, a deputy sheriff of Jefferson county, to serve. The deputy sheriff, under the direction of the plaintiff's attorney, served the said summons and complaint upon the city clerk, and upon the chairman of the board of street commissioners of said city, there being no mayor of said city of Watertown. After making such service, the said deputy sheriff, although requested to do so by the plaintiff's attorney, refused to return said summons and complaint to said attorney, or to certify that he had made any service thereof. Thereupon the plaintiff's attorney made an affidavit setting out the facts, of which the following is a copy:

"*Jefferson County Circuit Court.*

"JOHN HEYMANN, Plaintiff, *vs.* THE CITY OF WATERTOWN, defendant.

"*Jefferson county, ss.:* Harlow Pease, being duly sworn, says that he is the plaintiff's attorney in the above entitled action; that both the summons and the complaint in said action are subscribed by this deponent as plaintiff's attorney therein; that at the times hereinafter mentioned *M. Cunningham* was, and still is, deputy sheriff of said county of

Jefferson, as deponent is informed and believes; that on the second day of August, 1880, at the city of Watertown in said county, this deponent personally delivered to said *M. Cunningham*, deputy sheriff as aforesaid, the summons and complaint in said action, and directed said *Cunningham* to serve the same upon the defendant therein named; that on or about the fifth day of August, 1880, the said *M. Cunningham* informed deponent that he, the said *M. Cunningham*, as deputy sheriff aforesaid, had served said summons and complaint upon said defendant, by delivering a copy of said summons and complaint to the chairman of the board of street commissioners of said defendant, the city of Watertown, and leaving the same with him, there being no mayor of said defendant, the city of Watertown, and by delivering a copy of said summons and complaint to, and leaving the same with, the city clerk of said defendant, the city of Watertown; and that said service was so made by him on the second day of August, 1880, at the city of Watertown in said county of Jefferson; and said *M. Cunningham* at the same time requested this deponent to draft his return or certificate of said service for him upon said summons; that in compliance with said *Cunningham's* request, this deponent did, on or about the fourteenth day of August, 1880, write on the back of said summons, for said *Cunningham*, a certificate, in the words and figures following, to wit: '*State of Wisconsin, Jefferson county, ss.:* I hereby certify that on the second day of August, 1880, at said county of Jefferson, I served the within summons and accompanying complaint on the within named defendant, the city of Watertown, by delivering to, and leaving with, the chairman of the board of street commissioners of said defendant, the city of Watertown, a copy of said summons and complaint, there being no mayor of said defendant, the city of Watertown, and by delivering to, and leaving with, the city clerk of said defendant, the city of Watertown, a copy of said summons and complaint.'

"That on the twenty-seventh day of August, 1880, at the office of this deponent, in the city of Watertown in said county, this deponent carefully read to said *Cunningham* the said certificate; the said *Cunningham* took the same in his own hands and examined it, and then and there, after such reading and examination, said *Cunningham* said to deponent that said certificate contained a true statement of all the facts of his, said *Cunningham's*, service of said summons and complaint, and all his doings thereon, and that said certificate was in all respects perfectly correct and true, and was a correct return of said service.

"Deponent further says that at the time and place last above mentioned, and immediately after said *Cunningham* had stated that said certificate was correct, as above set forth, this deponent requested said *Cunningham*, as deputy sheriff of said county, to sign said certificate, and to make return of said service of said summons and complaint; and at the same time this deponent tendered to said *Cunningham* the sum of $6.20 in lawful legal–tender money of the United States of America, as and for his, the said *Cunningham's*, fees for making said service and return; that said *Cunningham* then and there, at the time and place last aforesaid, refused to accept or receive said $6.20, or any part thereof, and also refused to sign said certificate, or to make any return of service of said summons and complaint, and has ever since that time neglected and refused, and still does neglect and refuse, to make any return or certificate of service of said summons and complaint.

"Deponent further says, upon information and belief, that on or about the nineteenth day of August, 1880, said *Cunningham* caused to be published in the *Watertown Democrat*, a newspaper published in said city of Watertown, over his signature, a card or communication, a printed copy of which is hereto attached, marked Exhibit A on the margin thereof. Deponent further says that there has been no appearance on the part of the said defendant in said action.

" ' EXHIBIT A.

" ' *To the Citizens of Watertown:*

" ' Considerable excitement having been created by my action in the matter of *John Heymann v. The City of Watertown,* I would state that the papers were placed in my hands, and that I served them simply because I believed it my duty to do so, and without giving the subject of ulterior consequences the least consideration. Being now satisfied, however, that harm may come to the community as a result of the John Heymann suit, aside from any judgment Mr. H. may possibly obtain, and being determined to perform my whole duty as a good citizen, I do now and hereby refuse to make return on the papers in question, be the consequences to me what they may. Such refusal. to make return will bring all proceedings to naught, necessitating a new process, should Mr. Heymann see fit to press the matter. I wash my hands of all responsibility.

" ' MICHAEL CUNNINGHAM.

" ' WATERTOWN, August 17, 1880.'

" HARLOW PEASE.

" Subscribed and sworn to before me this seventeenth day of September, 1880.

" GUSTAVUS WERLICH,

" Notary Public, Wisconsin."

Upon this affidavit plaintiff's attorney procured the following order to show cause to be made in the action:

" Special term begun and held on the third day of November, 1880, at the court house in the city of Janesville, Rock county, Wisconsin.

" ' JOHN HEYMANN, Plaintiff, vs. THE CITY OF WATERTOWN, Defendant.

" Upon the annexed affidavit, and upon motion of Harlow Pease, plaintiff's attorney,—

" ' Ordered, that *M. Cunningham,* deputy sheriff of Jefferson county, Wisconsin, show cause to this court, at the court house in the city of Janesville, in the county of Rock and state of Wisconsin, on the twenty-seventh day of November, 1880,

at 3 o'clock in the afternoon, why he should not be punished for his misconduct in refusing to make return of the service of the summons and complaint in this action.

" ' It is further ordered that a copy of said affidavit and of this order be served on said *M. Cunningham* personally, on or before the twentieth day of November, 1880.

" ' Dated November 3, 1880.

" ' H. S. CONGER, Judge."

On the day fixed for the hearing of the order to show cause, the plaintiff appeared by his attorney, and the said *Cunningham* by Hall and Skinner, his attorneys, and thereupon the circuit court, upon the said affidavit and order to show cause, and without any denial of any of the facts set forth in said affidavit, discharged said order to show cause, and ordered the plaintiff to pay the sum of $10 to the said *Cunningham* as the costs of said motion. From that order the plaintiff appealed to this court.

*Harlow Pease*, for the appellant:

1. For the default or misconduct of a deputy, an action may be brought against him as well as against the sheriff. *Moulton v. Jose*, 25 Me., 76; *Perkins v. Pitman*, 34 N. H., 261; *Thompson v. Marsh*, 14 Mass., 269; *Denny v. Warren*, 16 id., 420; *Gordon v. Jenney*, id., 465; *Draper v. Arnold*, 12 id., 449; *Campbell v. Phelps*, 1 Pick., 62; *People v. Gilleland*, 7 Johns., 555; *Gilman v. Williams*, 7 Wis., 329; *Remlinger v. Weyker*, 22 id., 383; *Tillotson v. Cheetham*, 2 Johns., 63. The deputy sheriff is an officer deriving his authority from the law. *Campbell v. Phelps*, 17 Mass., 246, n. 6. He is required to take the same oath of office required of all other county officers (R. S., sec. 701; Const. of Wis., art. IV, sec. 28); and in his official conduct is subject to all the restrictions and prohitions of the statute, which apply to other ministerial officers. See R. S., secs. 2999, 4488. He is a person "appointed to perform ministerial services" within the meaning of section 3477, R. S., and is liable to proceedings under ch. 150, R. S.,

for a willful neglect of duty. To hold otherwise would be to place him above the law and beyond the control of the court, and to permit him to obstruct the prosecution of any action in which the initial papers might come into his hands. 2. It is no part of the province of the officer to judge of the validity of any service of process made by him. His function is purely ministerial. It is his duty to make return of the service, setting forth the acts done by him, in order that the proper tribunal may judge of their sufficiency. *Wellington v. Gale*, 13 Mass., 483; *Perry v. Dover*, 12 Pick., 206.

For the respondent there was a brief by *Hall & Skinner*, and oral argument by *Mr. Hall*. They argued, *inter alia:* 1. A party cannot have this remedy against a deputy sheriff. Crocker on Sheriffs, sec. 19; *Paddock v. Cameron*, 8 Cow., 212; *People v. Brown*, 6 id., 41; *Tuttle v. Love*, 7 Johns., 470; *Hinman v. Borden*, 10 Wend., 367; *State v. Giles*, 10 Wis., 101. It was not allowed at common law, of which our statutes are merely a re-enactment. R. S., secs. 721, 724. 2. The service was of no validity or effect, and there was, therefore, no contempt in not making a return. See *Rees v. Watertown*, 19 Wall., 107; *Perkins v. Watertown*, 12 Am. Law. Reg., N. S., 1873, p. 777. 3. This proceeding cannot be maintained, even against the sheriff, except in a pending action. R. S., secs. 3477, 3481. An action is not commenced until service is made. R. S., sec. 2629. There was no proof that service was made in this case. The only proof the court could take cognizance of to show such service here, is the sheriff's return. R. S., sec. 2642. 4. A sheriff cannot be compelled to serve a summons or make return thereof. A summons may be served by the sheriff or by any other person not a party to the action. R. S., sec. 2635. The summons is no process of the court, and does not issue out of it or under its seal. Nor does it contain any direction for its service or return. R. S., sec. 2631. The refusal to make return of its service is therefore no contempt. It is at most a neglect of a general legal duty, and not diso-

bedience to any mandate of the court. The plaintiff's remedy, if any, would be by an order on the sheriff to show cause why he should not make the return.

TAYLOR, J. The appellant claims that the circuit court erred in discharging his order, and that the court should have adjudged the said *Cunningham* guilty of the misconduct charged in his said affidavit, and ordered him to make return of said summons and complaint, and of his doings thereon, forthwith, and that in default thereof he should have committed him to prison until he performed his duty in that respect. The appellant's proceedings were taken under sections 3477, 3480, 3481, 3489 and 3491, R. S. 1878.

Section 3477 provides that "every court of record shall have power to punish by fine or imprisonment, or either, any neglect or violation of duty or any misconduct by which the rights or remedies of the party in an action or proceeding depending in such court, *or triable therein*, may be defeated, impeded or prejudiced, in the following cases: 1. All attorneys, counsellors, clerks, registers, sheriffs, coroners, and all other persons in any manner duly elected or appointed to perform any judicial or ministerial services, for any misbehavior in such office or trust, or for any wilful neglect or violation of duty therein; for disobedience of any process of such court, or of any lawful order thereof, or of any. lawful order of a judge of such court, or of any officer authorized to perform the duties of such judge. . . . 8. All other cases where attachments and proceedings for contempts have been usually adopted and practiced in courts of record to enforce the civil remedies of any party, or to protect the rights of any such party." Sections 3480 and 3481 show that the appellant's counsel were clearly right in proceeding, in the first instance, by an order in the original action, to show cause why the respondent should not be punished for his alleged misconduct. Section 3489 clearly authorizes the court, upon the hearing of

the order to show cause, if the evidence be sufficient to establish the misconduct of the party charged, to adjudge the accused to be guilty of such misconduct, and if such misconduct was calculated to or actually did defeat, impede or prejudice the rights or remedies of any party in the action or proceeding pending in such court, to fine or imprison him, or both, as the nature of the case might require; and section 3491 provides that when the misconduct proved consists of an omission to perform some act which is yet in the power of the accused to perform, he shall be imprisoned only until he shall have performed such act or duty, and paid such fine as shall be imposed, and the costs and expenses of the proceeding.

The record does not disclose the ground upon which the circuit court discharged the order to show cause; but the learned counsel for the respondent now insists that the order was properly discharged for the following reasons: *first*, that a deputy sheriff cannot be proceeded against for misconduct in not serving a process or making return thereof under the statute above quoted, and that the proceedings should be against the sheriff, if against any one; *second*, that the order should not have been to show cause why the respondent should not be punished for his misconduct in not returning the summons and complaint, but to show cause why he did not return the same, and that no judgment of the court could be entered to punish the respondent until there had been an order entered requiring him to make his return, and a refusal to comply with such order; *third*, that the refusal to return the summons and complaint was not such misconduct as could be punished under such statute; and *fourth*, that the affidavit of the appellant shows that no legal service of the summons and complaint had been made by the deputy sheriff, and that therefore the plaintiff in the action was not prejudiced by the refusal of the officer to make any return of the same.

We are unable to agree with the learned counsel in any of his propositions. We think it very clear that a deputy sheriff

is a person appointed to perform a ministerial service, within the meaning of said section 3477, and that when a deputy sheriff receives a writ or process of the court for service, and either refuses or neglects to serve the same, or to make due return thereof, if the writ or process be such as by law he is authorized to serve and make return of, then his neglect or refusal to do his duty in that respect is punishable as misconduct or wrongful neglect of duty under the law above cited. The court, in punishing for a contempt of its authority, or for misconduct of an officer of the court, proceeds against the person guilty of the contempt or misconduct, and not against the person or officer who may have appointed him to act as an officer of the court. The rule that the courts have laid down in actions to recover damages against a sheriff for misconduct or neglect of duty in his capacity as sheriff, that such actions must be against the sheriff and not the deputy, although the deputy may have been in fact the offending person, has no application to proceedings to punish for the misconduct of such officers, or to compel them to perform their duties as such. That deputy sheriffs may be proceeded against for misconduct which amounts to a contempt of court, is fully sustained by the authorities. See *Rex v. Beardmore*, 2 Burrow, 792; 2 Hawkins' P. C., 206–7; 4 Black. Comm., 284; 20 American L. R., 81.

The second objection, as to the form of the order, is clearly without any foundation under our statute. Section 3480 expressly authorizes the complaining party to take an order, in the first instance, to show cause why the accused party should not be punished for his alleged misconduct.

The question whether the refusal to make return of the summons and complaint was such misconduct as authorizes proceedings against the officer under the sections of the statute above referred to, depends upon the question whether it was by law the duty of the deputy sheriff, after having received the same for service and return, to make such service and re-

turn. If the deputy sheriff was under no more legal obligation to make service and return of a summons and complaint than a private person who might have received the same for that purpose, it might be questionable whether his refusal to make the service or return could subject him to proceedings under this statute. But we find that the law imposes a duty upon the officer receiving the same to make service and return thereof. See sections 2635, 2826, R. S. Section 2635 provides, in substance, that when a sheriff or his deputy receives a summons and complaint for service, he shall make such service with reasonable diligence, and return the same, with the proof of service thereon, to the person whose name is subscribed to the summons. Section 2826 provides that, " whenever, pursuant to these statutes, the sheriff may be required to serve or execute any summons, order or judgment, or to do any other act, he shall be bound to do so in like manner as upon process issued to him, and shall be equally liable in all respects for negligence of duty." Section 731, R. S., gives the sheriff fees for serving a summons and complaint. These provisions of law plainly make it the duty of the sheriff or his deputy, who has received a summons and complaint for service, to serve and return the same; or, if he is unable to serve the same, to make return thereof, with his certificate that he is unable to serve it, and his reason therefor. It is not necessary in this case to determine whether it is the duty of the sheriff and his deputies to receive for service every summons and complaint which is tendered to him or them for that purpose, although we think that such duty is pretty clearly indicated by the provisions of the statutes above quoted. But we are clearly of the opinion that when such officer has received the same for such service, it then becomes his duty to serve the same with reasonable diligence and make return thereof, as prescribed by section 2635, above quoted; and that a neglect or refusal to do so is misbehavior in office, and a willful neglect or violation of duty therein, within the meaning of section 3477, R. S., above quoted.

The fourth objection taken to the sufficiency of the affidavit upon which the order to show cause was granted, that it does not show that any legal service of the summons and complaint was made upon the city, we think is quite immaterial. Whether the service is a legal service or not is of no importance to the officer holding the summons and complaint. Having received the same for service, it is his duty to serve the same if he can upon the defendant, and, if he cannot, to return them to the attorney who issued the same, with his excuse for not serving it. He has no authority to refuse to return the papers because he thinks he has not properly served them. His proper course is to return the papers with his certificate showing what service, if any, he has made of them, and if he has in fact made no service, then stating that fact. The officer cannot be allowed to bring the proceedings to naught, as he says he will, in his card to the people of Watertown, by refusing to make any return at all.

It is urged that if there was no lawful service of the summons and complaint shown, there was no action or proceeding pending in such court or triable therein, within the meaning of said section 3477, above quoted, and the foundation for the proceedings fails. In view of the fact that subdivision 1 of the section provides that an officer may be proceeded against for any disobedience of any process of the court, and section 2826 provides that when the sheriff is required to serve any summons he shall be bound to do so in like manner as if process were issued to him, and shall be equally liable in all respects for neglect of duty, the delivery of the summons and complaint to the officer for service must be deemed the commencement of the action for the purposes of proceedings under the section above quoted; or, if not, that it is misconduct or neglect of duty in an action triable in such court, within the meaning of such section. The words "or triable therein" are clearly intended to cover cases which are not covered by the words "depending in such court," and must be interpreted not

Heymann vs. Cunningham.

as limiting the statute, but extending it to cases not covered by the word "pending." This action would be triable in the circuit court of Jefferson county, and any misconduct or neglect of the sheriff which defeats, impairs or prejudices the right of the party to have his action tried in said court, is a cause for proceeding against him under said statute.

Although we have great doubts upon the sufficiency of the service set out in the affidavit of the appellant, to give the court jurisdiction of the defendant city, we do not deem the decision of that question necessary to the determination of the rights of the appellant in this proceeding, and therefore do not pass upon it.

We think the affidavit upon which the order to show cause was granted, shows that the respondent is guilty of misbehavior in office and wilful neglect of duty therein, in not returning the summons and complaint; that such misconduct and neglect was calculated to and did impede and prejudice the rights of the plaintiff in the action; and, none of the facts set out in the affidavit having been denied by the respondent, the court should have adjudged him guilty of the misconduct charged, and have proceeded to imprison him until he made return of the said summons and complaint, with his doings thereon, to the attorney of the appellant; and the court might, in its discretion, impose in addition thereto a fine upon him for such wilful misconduct. See *State v. Brophy*, 38 Wis., 413–426.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.