Dillard v. State.

---

## FRANK DILLARD v. STATE OF NEBRASKA.

FILED FEBRUARY 14, 1920. No. 21021.

1. **Statutes:** CONSTRUCTION. The rule *ejusdem generis*, that, where particular words are followed by general, the general words are restricted in meaning to objects of the like kind with those specified, is only an aid to interpretation, and yields to the rule that an act should be so construed as to carry out the object sought to be accomplished by it, so far as that object can be collected from the language employed.

2. **Sunday:** CONSTRUCTION OF STATUTE. The words, "or place of business," contained in a Sunday observance ordinance, set out in the opinion, construed to include moving picture shows.

ERROR to the district court for Nemaha county: JOHN B. RAPER, JUDGE. *Affirmed.*

104 Neb.—14

*Lambert & Armstrong,* for plaintiff in error.

*Clarence A. Davis, Attorney General, George W. Ayres, J. B. Barnes, Ralph P. Wilson* and *Ernest F. Armstrong, contra.*

CORNISH, J.

Section 2 of the Sunday observance ordinance of the city of Auburn provides as follows: "No person, firm or corporation shall sell, barter or trade, or offer to sell, barter or trade, any goods, wares and merchandise or keep open any store, shop or place of business for the purpose of pursuing such business, on the first day of the week commonly called Sunday, except as hereinafter provided." Section 3 of the ordinance provides: "The provisions of section 2, shall not apply to, nor be construed to include hotels, boarding houses, restaurants, ice cream parlors, drug stores, garages or livery barns; provided, however, that it shall be construed a violation of this ordinance for any business store or shop hereir excepted from the provisions of section 2 to sell," etc. etc.

Are moving picture shows on Sunday forbidden by the ordinance? The defendant (plaintiff in error) invokes the rule *ejusdem generis* that, where particular words are followed by general, the general words are restricted in meaning to objects of the like kind with those specified. In other words, it is thought that the words "place of business" in section 2 can include only those places where goods, wares or merchandise are sold, bartered or traded. It is argued that moving picture shows, being places of amusement, are not included in "such business" so particularized.

We cannot agree. The doctrine invoked yields to the rule that an act should be so construed as to carry out the object sought to be accomplished by it, so far as that object can be collected from the language employed. The rule *ejusdem generis* is only an aid to interpretation. The main object is to gather from the language used the intention of the lawmakers. The passage under consid-

eration may be best interpreted by reference to what follows it. In section 3 hotels, garages and livery barns are excepted. Why this necessity, if the construction which defendant would adopt is correct? They are not places where goods, wares or merchandise are sold, bartered or traded.

Where the expression in the statute is particular, but the reason is general, the expression should be deemed general. Furthermore, the particular words used, places where goods, wares or merchandise may be sold, bartered or traded, would seem to be exhaustive of the class referred to, and would therefore, under the proposed construction, render unnecessary the words "or place of business." This would violate the rule that all of the words used would, if possible, be given meaning and effect.

See *Follmer v. Nuckolls County,* 6 Neb. 204; *Swearingen v. Roberts,* 12 Neb. 333; *City of St. Joseph v. Elliott,* 47 Mo. App. 418; note to *Zucarro v. State,* L. R. A. 1918B (Tex. Cr. Rep.) 361; 2 Words and Phrases (2d series) 228; 37 Cyc. 551, 552.

We are of opinion that a moving picture show is a place of business inhibited by the ordinance under consideration.

AFFIRMED.

Letton and Day, JJ., not sitting.