SHAW, APPELLANT, *v.* KENDALL, RESPONDENT.
(No. 8326.)

(Submitted March 1, 1943. Decided April 7, 1943.)

[136 Pac. (2d) 748.]

324

*Mr. George E. Hurd* and *Mr. C. W. Buntin,* for Appellant, submitted an original and a reply brief; *Mr. Hurd* argued the cause orally.

*Mr. James T. Shea, Mr. John M. Kline, Mr. James T. Harrison*

and *Mr. John Marriott Kline,* for Respondent, submitted a brief; *Mr. Shea* and *Mr. Harrison* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

Plaintiff, then a minor fourteen years of age and employed on the farm of the defendant, was injured while tending a threshing machine. He brought suit to recover damages in the district court of Phillips county. Trial was had before a jury which returned a verdict for the defendant, and judgment followed. This appeal is from the judgment.

In his answer to the complaint defendant set up three affirmative defenses, viz., that plaintiff was a volunteer, that he assumed the risk and that he was guilty of contributory negligence. The first of these defenses was abandoned upon the trial. The plaintiff's theory is that the last two affirmative defenses are not available to the defendant because the employment of the plaintiff contravened the provisions of the Montana Child Labor Law, section 3095, Revised Codes of 1935. If plaintiff is right in his contention that defendant employed him in violation of that section, then, under *Daly* v. *Swift & Co.,* 90 Mont. 52, 300 Pac. 265, and the cases therein cited, the defenses of contributory negligence and assumption of risk are not available.

The determinative question on this appeal is whether or not employment of the plaintiff, a minor under sixteen years of age, in the operation of a threshing machine on defendant's farm, comes within the above section. It provides: "Any person, company, firm, association, or corporation engaged in business in this state, or any agent, officer, foreman, or other employee having control or management of employees, or having the power to hire or discharge employees, who shall knowingly employ or permit to be employed any child under the age of sixteen years, to render or perform any service or labor, whether under contract of employment or otherwise, in, on, or about any mine, mill, smelter, workshop, factory, steam, electric, hydraulic, or compressed-air railroad, or passenger or freight

elevator, or where any machinery is operated, or for any telegraph, telephone, or messenger company, or in any occupation not herein enumerated which is known to be dangerous or unhealthful, or which may be in any way detrimental to the morals of said child, shall be guilty of a misdemeanor and punishable as hereinafter provided.''

The plaintiff was not employed ''in, on, or about any mine, mill, smelter, workshop, factory, steam, electric, hydraulic, or compressed-air railroad, or passenger or freight elevator, * * * or for any telegraph, telephone, or messenger company,'' etc. The only language of the statute which can have any application to the present case is ''or where any machinery is operated.'' It is defendant's position that the rule of *ejusdem generis* applies in construing this section, and with this view the trial court agreed.

Plaintiff reasons that the legislature, in using the words ''or where any machinery is operated,'' intended to include the employment of children where machinery is operated no matter where situated. With this view we cannot agree. If the legislature intended this result, there would seem to be no purpose in the enumeration of specific places where employment of minors under sixteen years of age is prohibited, as found in the language preceding the words ''or where any machinery is operated.'' Under the decided cases on the rule, it applies without question to our statute. It would seem that the use of the language ''or where any machinery is operated'' was intended to include all places similar to those specifically enumerated where the machinery was operated, but it was not intended by the legislature to include every place where machinery is operated, whether similar to those places enumerated or not.

Section 3095 has been before this court on two occasions, first, in *Burk* v. *Montana Power Co.*, 79 Mont. 52, 255 Pac 337, and, second, in *Daly* v. *Swift & Co.*, supra. the *Burk Case* this court said that the rule of *ejusdem generis* did not apply to the portion of the statute ''or in any occupation not herein enumerated which is known to be dangerous'', saying: ''The rule *ejusdem generis*

is only a rule intended to aid the court in arriving at the intention of the legislature and cannot be invoked where its application would result in a disregard of plain and unambiguous language used in the statute. In this instance to apply the rule would be to refuse to give to the words 'not herein enumerated' any effect. They would be surplusage, and the general clause would have the same meaning if it read, 'or in any occupation known to be dangerous.' Our conclusion is that by the general clause a separate class of occupations is designated, independent of and in addition to those specifically named, in which the employment under the age of 16 years is an offense, unless it is void, as insisted by defendant, because uncertain." (79 Mont. at pages 64, 65, 255 Pac. at page 338.) But what is there said does not apply to the portion of the Act here under consideration because there is no such specific language here used to show a definite legislative intent to create another class of occupations in which child labor is prohibited. The language here relied upon is general in the extreme and cannot be said, as was true in the *Burk Case,* to be a plain and unambiguous declaration of a legislative intent to extend the Act to every place where machinery is used.

Neither is *Daly* v. *Swift & Co.,* supra, in point as to the question here before us. This court has, on a number of occasions, discussed the rule of *ejusdem generis.* It is stated in *Page* v. *New York Realty Co.,* 59 Mont. 305, 196 Pac. 871, 874, as follows: "Where general words follow an enumeration of particular subjects, such words must be held to include only such objects or things as are of the same general character of those specifically mentioned." In *State ex rel. Bowler* v. *Board of County Commissioners,* 106 Mont. 251, 76 Pac. (2d) 648, 651, the rule was again applied, this time to section 4605.1, Revised Codes 1935, the court saying: "The general words 'or supplies of any kind' are not to be construed in their widest extent, but are to be held as applying only to the things of the same general kind or class immediately preceding the words; and in section 4605.1 refer to automobiles, trucks, or other vehicles, machinery, equipment, or

materials used in connection therewith.'' (See, also, *Thaanum* v. *Bynum Irrigation District,* 72 Mont. 221, 232 Pac. 528, 530.) In the latter case the court said: ''By the rule of construction known as '*ejusdem generis*,' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. The particular words are presumed to describe certain species and the general words to be used for the purpose of including other species of the same genus. The rule is based on the obvious reason that, if the legislature had intended the general words to be used in their unrestricted sense, they would have made no mention of the particular classes. The words ''other'' or ''any other'' following an enumeration of particular classes are therefore to be read as ''other such like,'' and to include only others of like kind or character.' '' (For a general statement of the rule see 59 C. J. 981.)

In other jurisdictions courts have had opportunity to pass on similar questions of statutory construction of such language as we have here, where the statute provided a penalty for the failure of the employer properly to safeguard dangerous machines. As examples of those cases and of the uniform holdings under them we cite the following: In the case of *Johnson* v. *Bear,* 225 Mo. App. 1097, 40 S. W. (2d) 481, 482, a farm hand was injured while working about an ensilage cutter. He had none of the safeguards provided by the state statute requiring that ''the belting, shafting, machines, machinery, gearing and drums in all manufacturing, mechanical *and other establishments in this state,* when so placed as to be dangerous to persons employed therein or thereabout while engaged in their ordinary duties, shall be safely and securely guarded.'' The court held that the words ''and other establishments in this state'' did not extend the provisions of the statute to farm machinery. In *Hainer* v. *Churchill,* 191 Iowa 1125, 183 N. W. 624, 627, the statute spoke of ''manufacturing or other establishment,'' and the court held that a power-driven cornsheller on a farm did

not come within the statute. (See, also, *Chapman* v. *Piechowski*, 153 Wis. 356, 141 N. W. 259, 45 L. R. A., (n. s.), 687.) In that case two of the Justices of the court dissented, but a reading of the dissent indicates that, had the statute been the same as ours, the decision of the court would have been unanimous.

The next contention of the plaintiff is that "the defense of volunteer services should not have been submitted to the jury." This statement assumes that this defense was submitted to the jury. With this assumption we do not agree. Though that defense was contained in the amended answer, as before mentioned it was abandoned by the defendant and he withdrew his proposed instructions in that regard. The only mention of it is contained in Instruction No. 1, which was the instruction proposed by the plaintiff and was adopted by the court. This instruction merely explains the pleadings, and, with reference to the defense of volunteer service, the language used is as follows: "The *defendant* says if the plaintiff was hurt, he, defendant, is not liable because the plaintiff was such volunteer or permittee." While this language need not have been in the instruction, in view of defendant's abandonment of the defense pleaded, it was put in by plaintiff himself, so he may not complain of it (*State* v. *Lucey*, 24 Mont. 295, 61 Pac. 994; *State* v. *Bolton*, 65 Mont. 74, 83, 212 Pac. 504), and, in addition, its being there cannot constitute prejudicial error, because it is merely explanatory of the pleadings and not a direction by the court.

The other contentions made by plaintiff were that the court should not have submitted the defenses of "assumption of risk" and "contributory negligence" to the jury, on the theory that the record did not warrant their submission.

We can see no merit in the plaintiff's argument. The record discloses that the plaintiff was injured while feeding the threshing machine. The defendant explained to plaintiff how safely to feed the material into the cylinder and concaves. It appears that plaintiff was, at the time of the injury, feeding broken heads and chaff. There is no evidence just how his hand got

into the cylinder, except that it was done while he was feeding the chaff and broken heads. The plaintiff makes a point of the fact that the defendant did not instruct him how safely to feed the chaff and broken heads. The plaintiff denied ever having fed chaff prior to the accident. However, one witness testified that for all of three days, up to and including the day of the accident, the plaintiff fed the chaff and seemed to be doing all right.

Nor is there any merit to the argument that the jury was not properly instructed as to the difference between an adult and a minor in finding assumption of risk and contributory negligence. The instructions, which we deem sufficient, read in part:

"No. 7. You are instructed that if you believe from the evidence that the plaintiff was not properly instructed and warned by the defendant as to the danger incident to feeding the threshing machine, *as one of plaintiff's age* and experience should have been, * * *."

"No. 8. * * * If, however, all the dangers surrounding the plaintiff, which eventually resulted in his being injured, were fully apparent and understood by him, he is held to that degree of care which children of that age are required to exercise, but if the plaintiff at that age was inexperienced with the operation of the machinery which defendant was operating on his premises and which he permitted the plaintiff to operate in part," etc.

"No. 9. It was the duty of the defendant herein, who admits that he knew that the plaintiff was about 14 years of age at the time plaintiff set about feeding the threshing machine, to warn the plaintiff, * * *.

"No. 10. An infant, which means a child of tender years, is of necessity not to be judged by the same rules of conduct which govern that of an adult, and while it is the general rule in regard to an adult or grown person, that to entitle him to recover damages for injuries resulting from the negligence of another, he must be free from fault, such is not the rule in regard to an infant of tender years."

Under the facts it was for the jury to determine whether or not the minor was sufficiently instructed as to the danger inherent in the work which he was performing. In determining this question the jury could take into consideration not only the warnings given by the employer, but also the fact that the danger was, or should have been, obvious to the plaintiff. The question is always one for the jury under proper instructions, and research has failed to reveal any case where the question has been held to be one for the court as a matter of law. (See *Kuphal* v. *Western Montana Flouring Co.*, 43 Mont. 18, 114 Pac. 122, and the leading case of *Forquer* v. *Slater Brick Co.*, 37 Mont. 426, 97 Pac. 843.) Here there was evidence as to the fact that the danger was obvious, that the plaintiff had been instructed in the method of doing his work with a proper regard to his safety, and that he had been instructed that, unless careful, he might be injured by the machine; and further the jury had evidence before it as to the capacity of the boy to understand the nature of the work and the danger entailed in it, and, in addition to that, a chance to observe the boy himself on the stand.

The jury in this case found for the defendant. There is substantial evidence in support of the verdict and so the judgment must be affirmed.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICE MORRIS concur.

MR. JUSTICE ANDERSON, concurring specially:

I believe that the rule of *ejusdem generis* is not applicable to the language in section 3095, Revised Codes, which is under consideration. The statute is complete in its application to the specified occupations, covering all employment "in, on, or about" any thereof, without the additional language as to the business wherein machinery is used. This additional language can add nothing to the portion of the statute as applied to the occupations specified. As to such it is wholly superfluous. I

believe that by writing in the phrase "or where any machinery is operated," the legislature intended to extend the scope of the statute so as to apply to any and all business wherein machinery is operated, whether it be any such as specifically enumerated or any other. (Crawford on Statutory Construction, sec. 191; 59 C. J. 981, 984; 14 Words & Phrases, Perm. Ed., pp. 140, 141. See, also, following illustrative cases: *Dillard v. State of Nebraska,* 104 Neb. 209, 175 N. W. 668; *Mills v. City of Barbourville,* 273 Ky. 490, 117 S. W. 187; *Hurt v. Oak Downs,* Tex. Civ. App., 85 S. W. (2d) 294; *Heymann v. Cunningham,* 51 Wis. 506, 8 N. W. 401.)

In its attempt to cover all business wherein machinery is operated, I believe the statute as to that part is void. The general purpose of the entire statute is to prohibit the employment, in hazardous occupations, of persons under a certain age. That the legislature may do. It is a matter which may properly be subjected to regulation under the police power of the state. If, in legislating upon the subject, the legislature goes beyond that which may properly be the subject of such control, such legislation is invalid.

Machinery is not all dangerous. Much of it in common, everyday use is not dangerous and is not in any way harmful. Typewriters, adding machines and dictaphones are machinery in use in practically every line of business. Persons of immature years are frequently employed in places where they are used, and it is not uncommon that they operate such machinery in their employment. To prohibit persons under the age of sixteen years to be given employment in such places is clearly the exercise of control beyond the police power of the state, and yet that would be the effect of the provision in the statute here under consideration.

A statute prohibiting the employment of persons of immature years in any business wherein dangerous machinery is operated, might be valid legislation. The prohibition here applies generally to machinery, that which is harmless as well as such as may be dangerous. The provision is too general and too sweeping to be

upheld. (*James* v. *Bowman*, 190 U. S. 127, 23 S. Ct. 687, 47 L. Ed. 979, 983.)

The statute cannot be upheld as properly applying to certain cases, giving it limited application. The language is such that it cannot be cured by disregarding an objectionable part and giving effect to another part thereof as valid. To cure the defect, restrictive language has to be read into it, which may not be done. (*United States* v. *Steffens*, 100 U. S. 82, 25 L. Ed. 550.)

The rule holding invalid such legislation objectionally general in its application has been universally followed by the courts. 22 C. J. S., Criminal Law, section 24, p. 71, says: ''Reasonable certainty, in view of the conditions, is all that is required, and liberal effect is always to be given to the legislative intent when possible; but where the legislature declares an offense in words of no determinate signification, or its language is so general and indefinite that it may embrace not only acts commonly recognized as reprehensible but also others which it is unreasonable to presume were intended to be made criminal, the statute will be declared void for uncertainty.'' Numerous cases are cited in connection with the statement of the rule showing its application, and likewise in 16 C. J. 68.

In my view, the provision in section 3095, Revised Codes, relating generally to business wherein machinery is operated, is invalid, and, the occupation or business in which the plaintiff was employed not being one of those specifically enumerated in the statute, the statute has no application to the case.

I agree with the result reached by the court, and, but for the interpretation of the language in section 3095, as above noted, I am in accord with the views expressed in the court's opinion.

MR. JUSTICE ADAIR:

I concur in the affirmance of the judgment but I cannot persuade myself that the doctrine of *ejusdem generis* has any application.

The question here is whether or not the language of section

3095, Revised Codes, prohibits the employment of children under the age of sixteen years, in, on, or about threshing machines.

If section 3095, Revised Codes, does prohibit the employment of children in such occupations then the defenses of contributory negligence and assumption of risk are not available to the defendant (*Daly* v. *Swift & Co.*, 90 Mont. 52, 300 Pac. 265) and such defenses and the instructions pertaining thereto should not have been submitted to the jury.

On the other hand, if section 3095, Revised Codes, does not prohibit the employment of children under the age of sixteen years in, on, or about threshing machines, then such defenses are available and the trial court properly instructed the jury with respect thereto.

The legislature possesses the right to include employment in, on and about threshing machines in the prohibited occupations if it so desired. The question is: Did it use such language in the statute as to definitely prohibit such employment?

So far as material here the section (3095, Rev. Codes) reads: "Any person * * * engaged in business in this state, * * * who shall knowingly employ or permit to be employed any child under the age of sixteen years, to render or perform any service or labor, * * * in, on, or about any mine, mill, smelter, workshop, factory, * * railroad, or passenger or freight elevator, *or where any machinery is operated,* or for any telegraph, telephone, or messenger company, *or in any occupation not herein enumerated which is known to be dangerous or unhealthful,* or which may be in any way detrimental to the morals of said child, shall be guilty of a misdemeanor."

The above statute is penal in character; it defines a crime. Such statutes should not be extended by construction beyond their natural meaning. (*Shubat* v. *Glacier County*, 93 Mont. 160, 18 Pac. (2d) 614.) This court in *Burk* v. *Montana Power Co.*, 79 Mont. 52, 255 Pac. 337, held the words of the statute reading *"in any occupation * * * known to be dangerous,"* so uncertain as to kind and nature of occupations intended to come within the prohibited class, as to render such quoted words void.

The statute makes no mention of threshing machines, but it is urged that after prohibiting employment in certain definite and specified occupations the phrase ''or where any machinery is operated'' includes a threshing machine operation, and prohibits the employment in, on or about same. However this being a penal statute, the dividing line between the lawful occupations and the unlawful occupations cannot be left to conjecture.

''The dividing line between what is lawful and unlawful cannot be left to conjecture. The citizen cannot be held to answer charges based upon penal statutes whose mandates are so uncertain that they will reasonably admit of different constructions. A criminal statute cannot rest upon an uncertain foundation. The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue. Penal statutes prohibiting the doing of certain things, and providing a punishment for their violation, should not admit of such a double meaning that the citizen may act upon the one conception of its requirements and the courts upon another.'' (*United States* v. *Capital Traction Co.*, 34 App. D. C. 592, 19 Ann. Cas. 68.)

Can it be said that a reading of the statute will disclose to a threshing machine operator that he is subject to the penalties of the law? We think not. In *H. Earl Clack Co.* v. *Public Service Commission*, 94 Mont. 488, 22 Pac. (2d) 1056, 1059, we said:

'' 'Laws which create crime ought to be so explicit that all man subject to their penalties may know what acts * * * to avoid.' (*United States* v. *Brewer*, 139 U. S. 278, 11 S. Ct. 538, 35 L. Ed. 190.) 'In order to constitute a crime, the act must be one which the party is able to know in advance whether it is criminal or not. The criminality of an act cannot depend upon whether a jury may think it reasonable or unreasonable. There must be some definiteness and certainty.' (*Tozer* v. *United States*, C. C., 52 Fed. 917.) 'If the legislature undertakes to define by statute a new offense, and provide for its punishment, it should

express its will in language that need not deceive the common mind. Every man should be able to know with certainty when he is committing a crime.' (*United States* v. *Reese*, 92 U. S. 214, 23 L. Ed. 563. *Burk* v. *Montana Power Co.*, 79 Mont. 52, 255 Pac. 337, 339.)

" 'That the terms of a penal statute creating a new offense must be sufficiently explicit to inform those who are subject to it what conduct on their part will render them liable to its penalties is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law; and a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' (*Connally* v. *General Construction Co.*, 269 U. S. 385, 46 S. Ct. 126, 127, 70 L. Ed. 322).''

The statute specifically and definitely prohibits the employment of children under the age of sixteen years in, on, or about any (1) mine, (2) mill, (3) smelter, (4) workshop, (5) factory, (6) railroad, (7) passenger or freight elevator, or for any (8) telegraph company, or (9) telephone company, or (10) messenger company. The phrase "or where any machinery is operated" occurring in the statute is most indefinite and uncertain. It is entirely too general language to define, specify or point out the particular occupation or occupations in addition to those specifically designated to which the act is to apply. This particular phrase and part of the statute must therefore be condemned, and its general and uncertain language cannot be held to include threshing machine operations. (See the authorities cited by this court in *Jarvella* v. *Northern Pac. R. Co.*, 101 Mont. 102, 53 Pac. (2d) 446, and *H. Earl Clack Co.* v. *Public Service Commission*, 94 Mont. 488, 22 Pac. (2d) 1056; see also *State* v. *Menderson*, 57 Ariz. 103, 111 Pac. (2d) 622 and *State ex rel. State Board* v. *Nagle*, 100 Mont. 86, 45 Pac. (2d) 1041.)

The particular phrase, "or where any machinery is operated,"

being void for uncertainty, the doctrine of *ejusdem generis* does not apply. (*Burk* v. *Montana Power Co.*, 79 Mont. 52, 255 Pac. 337; *Arizona Superior Min. Co.* v. *Anderson*, 33 Ariz. 64, 262 Pac. 489; 2 Lewis' Sutherland Statutory Construction, 2d Ed., sec. 437; 59 C. J., sec. 581, pp. 983, 984.)

The legislature having omitted from its specified list of prohibited occupations, employment in, on or about threshing machines, neither the trial court nor this court may supply that omission. The jury decided against recovery and while the plight of the injured boy is one which calls strongly upon our sympathy we are powerless to do other than enter an order of affirmance.

Rehearing denied May 13, 1943.